

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-6985
Re: Whether or not the Unemploy-
    ment Compensation Commission
    may employ a husband whose
    wife is employed by another
    State department.

You request our opinion upon the above-captioned subject matter, as follows:

"Please refer to your Opinion No. O-6705 and advise whether the Unemployment Compensation Commission may employ a husband whose wife is employed by another State department.

"There is some confusion as to whether the Unemployment Compensation Commission is controlled by the rider in the appropriation bill."

In our Opinion No. O-6705, to which you refer, we quoted the general provision appended to the current biennial appropriation for State departments (Senate Bill 317, Reg. Sess., 49th Legislature) as follows:

"None of the foregoing appropriations for salaries shall be paid or warrants issued therefor by the State Comptroller to any employee until the employee shall have filed with the head of the department in which he or she is employed an affidavit showing his or her marital status, and if married, whether or not the spouse of such employee is also employed in one of the Departments of this State and the name of the Department where such spouse is employed, together with the name of such spouse; the head of such department, in addition to the statutory affidavit now required to be attached to all payrolls, shall also set forth in the payroll affidavit that all of his employees have made the required affidavit and also set forth the facts of

any said relationship employment as disclosed
by said employees' affidavit, together with the
name of the department where such spouse is em-
ployed, and if such relationship employment does
not exist then said affidavit shall so state,
and the head of the department and the State
Comptroller shall not approve for payment or is-
sue warrants or checks for salaries to either
the husband or wife where both said husband and
wife are employed in the departments of this
State subject, however, to the following provisions.
*******"

"The provisions herein shall apply to depart-
ment heads and members of Commissions but not to
the manager and matron of the Goree State Farm.
The word 'department' as used herein shall mean
those departments named in this Act and the Soil
Conservation Board and shall not apply to other
agencies of this State and the employees employ-
ed thereby."

Answering one of the inquiries we said in that
opinion:

"It will be impossible for both of these
people -- husband and wife -- to continue to
work for the departments in which they are em-
ployed, or any other of the departments pro-
vided for in Senate Bill No. 317."

Your expressed confusion as to whether or not this
rule applies to Texas Unemployment Compensation Commission
arises, no doubt, from the specific general provisions con-
tained in Senate Bill 317 immediately following the designa-
tion of TEXAS UNEMPLOYMENT COMPENSATION COMMISSION, as fol-
lows:

"All moneys granted to this State by the
Federal Government for the administration of
the Unemployment Compensation Act are hereby
appropriated to be expended for purposes for
which such moneys were granted. Notwithstand-
ing any other provisions of this Act, moneys
granted for travel shall be expended in the
amounts and in accordance with the standards
of the Social Security Board and the rules
and regulations adopted by the Unemployment Com-
pensation Commission to meet such standards. Out
of state travel expense paid solely from Federal

grants and made in accordance with the Federal standards as being necessary for proper administration of the Unemployment Compensation Act do not have to have the approval of the Attorney General.

"Salaries of the employees of the Unemployment Compensation Commission and members of the Commission shall be paid in accordance with agreements made between the Commission and the Social Security Board, but in no case shall such salaries be less than those authorized by the Act creating the Unemployment Compensation Commission; provided, however, there shall be no salary increases to employees of the Texas Unemployment Compensation except those that are the result of the orderly administration of the merit system of personnel administration as required by the Social Security Act.

"It is specifically provided that all moneys now on deposit to the credit of the Unemployment Compensation Fund, and any moneys received for the credit of such fund, are hereby appropriated for the payment of benefits and refunds as authorized by the provisions of the Unemployment Compensation Law."

We find nothing in the last above quoted special provision that could be construed to except Texas Unemployment Compensation Commission from the rule announced by us in our Opinion No. 0-6705.

There is nothing shown in your inquiry, or otherwise known to us, indicating that there is anything in any of the standards of the Social Security Board, or in any requirement whatsoever of any federal agency that would be violated by the enforcement of the rule forbidding employment of both husband and wife in the State departments, and we express no opinion as to the probable effect of such requirement, standard or stipulation, if such were present.

We trust that what we have said fully answers your inquiry.

OS-MR-wc

APPROVED DEC 14, 1945
 s/Grover Sellers
ATTORNEY GENERAL OF TEXAS
Approved Opinion Committee by s/
BWB Chairman

Very truly yours
ATTORNEY GENERAL OF TEXAS

By s/Ocie Speer
   Ocie Speer
   Assistant